1

David Lavine (SBN 166744)
LEGALFORCE RAPC WORLDWIDE

2

1580 W. El Camino Real, Suite 6
Mountain View, CA  94040

3

dave@legalforcelaw.com

4

Tel.: (650) 965-8731
Fax:  (650) 989-2131

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12

| | |
|---|---|
| PLANT NANNY COMPANY, INC., a New Hampshire corporation, | ) CASE NO.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR TRADEMARK ) INFRINGEMENT, TRADE DRESS |
| | ) INFRINGEMENT, FALSE ORIGIN, UNFAIR |
| v. | ) COMPETITION, AND INTERFERENCE WITH ) BUSINESS RELATIONS |
| GREEN MOUNTAIN IMPORTS, LLC, doing business as EVELOTS, a Vermont corporation, SHIDO, LLC, doing business as PLANTED PERFECT, a Wyoming corporation, and DOES 1 through 20, inclusive, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

13

14

15

16

17

18

19

20

21

22

23

Plaintiff PLANT NANNY COMPANY, INC. ("PLANT NANNY") hereby alleges

24

against GREEN MOUNTAIN IMPORTS, LLC, doing business as EVELOTS ("EVELOTS"),

25

and against defendant SHIDO, LLC, doing business as PLANTED PERFECT ("PLANTED

26

PERFECT"), as follows:

27

28

COMPLAINT

## NATURE OF THE ACTION

1.     This is a civil action for preliminary and permanent injunctive relief and damages resulting from infringement by defendants EVELOTS and PLANTED PERFECT of the common law trademark and/or trade dress owned and held by plaintiff PLANT NANNY, in violation of the Lanham Act, 15 U.S.C. Section 1125, and related state law claims.

2.     Defendant EVELOTS has sold products appearing distinctively similar to those sold by plaintiff PLANT NANNY, without the authorization of plaintiff, and thereby has infringed the PLANT NANNY trade dress, has falsely designated the origin of its products, has unfairly competed with plaintiff, and has damaged plaintiff's business reputation in the eyes of consumers.

3.     Defendant PLANTED PERFECT has sold products appearing distinctively similar to those sold by plaintiff PLANT NANNY, using the protected name PLANT NANNY, without the authorization of plaintiff, and thereby has infringed the PLANT NANNY trademark and trade dress, has falsely designated the origin of its products, has unfairly competed with plaintiff, and has damaged plaintiff's business reputation in the eyes of consumers.

## THE PARTIES

4.     Plaintiff PLANT NANNY COMPANY, INC., doing business as PLANT NANNY, is a corporation registered and located in New Hampshire, with a principal place of business in Lebanon, New Hampshire, and has been in the business of designing and selling products designed to aid in the growth and flourishing of healthy plants.

5.     Defendant GREEN MOUNTAIN IMPORTS, LLC, doing business as EVELOTS, is a limited liability corporation registered in Vermont, with a principal place of business in Williston, Vermont, and has been in the business of selling a variety of products,  including garden tools and supplies.

6.     Defendant SHIDO, LLC, doing business as PLANTED PERFECT, is a limited liability corporation registered in Wyoming, with a principal place of business in Peachtree City, Georgia, and has been in the business of selling garden tools and supplies.

COMPLAINT

7.     Plaintiff PLANT NANNY is ignorant of the true names and capacities of the defendants sued in this Complaint as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants when ascertained.  Each of the fictitiously-named defendants is in some manner responsible for the conduct alleged in this complaint, and plaintiff's damages are actually and proximately caused by the conduct of the DOE defendants.

8.     Upon information and belief, the DOE defendants operate as part of a common enterprise with defendant EVELOTS, and/or with defendant PLANTED PERFECT, and/or with each other to perpetuate the infringement and related claims herein alleged.  Because they have operated as a common enterprise, each defendant is jointly and severally liable for the infringing and unlawful acts alleged below.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over plaintiff's Lanham Act claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has supplemental jurisdiction over plaintiff's pendant state law claims pursuant to 28 U.S.C. §1367, in that the state-law claims are integrally interrelated with plaintiff's federal claims, and arise from a common nucleus of operative facts, such that the administration of plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

11.     This Court has personal jurisdiction over defendants consistent with constitutional due process because, on information and belief, defendants EVELOTS and PLANTED PERFECT have through the internet transacted business in California consistent with that state's expansive long-arm statute, and, on information and belief, defendant EVELOTS and the DOE defendants, and defendant PLANTED PERFECT and the DOE defendants, have purposefully directed their activities toward this forum, plaintiff's asserted claims arise out of or related to those activities, and assertion of personal jurisdiction over the defendants is fair and reasonable.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), because, on information and belief, defendants EVELOTS and PLANTED PERFECT have each resided

3

COMPLAINT

in this district within the meaning of the venue statute, and because defendants EVELOTS, PLANTED PERFECT, and the DOE defendants are subject to personal jurisdiction in this district.

**FACTS**

13.     Since in or about 2004, Paul Natkiel, by and through plaintiff PLANT NANNY and its predecessor companies, has been in the business of designing and selling attractive products to help its customers grow and maintain healthier plants.  Through his businesses, he has built a nationwide reputation based on PLANT NANNY's water delivery system, which enables its customers to water plants directly to the roots with a minimum of effort or vigilance through the use of porous PLANT NANNY stakes, earlier known as Aqua Stakes but subsumed into the PLANT NANNY name since in or about 2007.  The result is flourishing plants, even for those customers who do not fancy themselves skilled gardeners or green thumbs.

14.     Plaintiff PLANT NANNY, by and through predecessor entites Hill Design Group, LLC and Hanover Design Group, LLC, applied for on or about June 4, 2008, and received on or about February 24, 2009, a registered trademark given registration number 3579359, to protect the PLANT NANNY name.  Trademark protection inadvertently lapsed for failure to timely renew on or about September 25, 2015.  Nevertheless, common-law trademark protection remains in force, as protected by the Lanham Act at 15 U.S.C. Section 1125.

15.     Plaintiff PLANT NANNY has continued to use in nationwide commerce the PLANT NANNY name without interruption through the present, primarily through internet marketing and sales of its products.

16.     Nevertheless, beginning in or around February 2016 and, on information and belief, continuing through the present, defendant PLANTED PERFECT has advertised for sale online using the protected PLANT NANNY name in its sales listings and/or product descriptions, without the authorization or permission of plaintiff PLANT NANNY.

17.     Further, defendant PLANTED PERFECT has copied the distinctive, non-functional features of the PLANT NANNY product, and used a photograph of the PLANT NANNY or near-identical product in its advertising and sales materials, without the

4

COMPLAINT

1 | authorization or permission of plaintiff PLANT NANNY.

2 |     18.    Similarly, beginning in or around June 2016 and, on information and belief,
3 | continuing through the present, defendant EVELOTS has copied the distinctive, non-functional
4 | features of the PLANT NANNY product, and used a photograph of the PLANT NANNY or a
5 | near-identical product in its advertising and sales materials, in connection with its marketing and
6 | sales, without the authorization or permission of plaintiff PLANT NANNY.

7 |     19.    Defendant PLANTED PERFECT's use of the protected PLANT NANNY name,
8 | distinctive design features, and photograph in connection with its advertising and sale of its
9 | products has likely confused and misled consumers into believing that the source of its products
10 | was plaintiff.

11 |     20.    Similarly, defendant EVELOTS' use of the protected PLANT NANNY
12 | distinctive design features and photograph in connection with its advertising and sale of its
13 | products has likely confused and misled consumers into believing that the source of its products
14 | was plaintiff.

15 |     21.    Further, defendant PLANTED PERFECT and defendant EVELOTS use the same
16 | internal packaging for their respective products, including the same shape of the cardboard and
17 | styrofoam packing materials, and the same setting of their products within these materials, such
18 | that their products appear identically prepared for shipment pursuant to coordinated instructions.

19 |     22.    Defendant PLANTED PERFECT's and defendant EVELOTS', infringing
20 | activities constitute unfair business practices, which have resulted in unjust enrichment to
21 | defendants PLANTED PERFECT and EVELOTS, and/or loss of sales, revenue and profit to
22 | plaintiff PLANT NANNY, as well as in the loss of goodwill and damage to its reputation.

23 |     23.    Efforts directed to online retailer Amazon.com to take down defendant
24 | PLANTED PERFECT's offending sales listings resulted in defendant PLANTED PERFECT's
25 | re-location of its reference to PLANT NANNY from the listing title to the narrative description
26 | underneath, but not in removal of the PLANT NANNY reference.

27 |     24.    Defendant PLANTED PERFECT's and EVELOTS' infringing activities are
28 | likely to continue to cause confusion in the marketplace absent court intervention and action

1   restraining their business activities.

2                          **FIRST CAUSE OF ACTION**

3              **FEDERAL TRADEMARK INFRINGEMENT – LANHAM ACT**

4              **(Against defendant PLANTED PERFECT and DOE defendants)**

5        25.    Plaintiff incorporates and reasserts the allegations in paragraphs 1-24, as though

6   fully set forth here.

7        26.    Defendant PLANTED PEFECT's and DOE defendants' use of the "Plant Nanny"

8   trademark in commerce as set forth herein will likely cause confusion or mistake, and deceive

9   the public into believing that defendants' products originate from, are affiliated with, or are

10  sponsored by plaintiff, in violation of 15 U.S.C. Section 1125(a).

11       27.    Defendant PLANTED PERFECT's and DOE defendants' unlawful conduct was

12  undertaken, upon information and belief, with the intent to misappropriate plaintiff's goodwill

13  derived from the PLANT NANNY trademark, in violation of 15 U.S.C. Section 1125(a).

14       28.    Defendant PLANTED PERFECT and DOE defendants have willfully, wantonly

15  and intentionally continued to use the PLANT NANNY trademark.

16       29.    The infringing conduct of defendant PLANTED PERFECT and DOE defendants

17  has caused, and likely will continue to cause, both monetary damages and irreparable harm to

18  plaintiff. Unless the Court restrains these defendants from further infringement, plaintiff will

19  continue to suffer irreparable harm, for which plaintiff has no adequate remedy at law.

20

21                         **SECOND CAUSE OF ACTION**

22           **FEDERAL TRADE DRESS INFRINGEMENT – LANHAM ACT**

23                         **(Against All Defendants)**

24       30.    Plaintiff incorporates and reasserts the allegations in paragraphs 1-29, as though

25  fully set forth here.

26       31.    The PLANT NANNY product design and appearance are comprised of

27  distinctive, non-functional features protectable pursuant to Section 43(a) of the Lanham Act, in

28  that such features readily identify the product and its source to consumers. In particular, the

COMPLAINT

1   hexagonal shape, beaded top, and clay color of the PLANT NANNY product were found

2   nowhere else in the marketplace at the time of origination, and are distinctive to PLANT

3   NANNY and recognizable to its consumers without being necessary to product function.

4        32.     Defendants' marketing and offering for sale of their knock-off products

5   incorporating plaintiff's distinctive PLANT NANNY features constitutes false designation of

6   product origin, and false or misleading descriptions, depictions and representations in commerce

7   that are likely to cause confusion and mistake and to deceive consumers as to the source of

8   origin of defendants'  products, or as to the affiliation, connection or association with plaintiff

9   and its PLANT NANNY products, without plaintiff's permission or approval, all in violation of

10  Section 43 of the Lanham Act.

11       33.     Defendants' use in commerce as described above is deliberate and willful.

12       34.     The infringing conduct of defendants has caused, and likely will continue to

13  cause, both monetary damages and irreparable harm to plaintiff.  Unless the Court restrains

14  defendants from further infringement, plaintiff will continue to suffer irreparable harm, for which

15  plaintiff has no adequate remedy at law.

16

17                        **THIRD CAUSE OF ACTION**

18             **FALSE DESIGNATION OF ORIGIN – LANHAM ACT**

19                         **(Against All Defendants)**

20       35.     Plaintiff hereby incorporates and reasserts the allegations in paragraphs 1-34, as

21  through fully set forth here.

22       36.     Defendants' conduct, as described above, are likely to cause confusion or mistake,

23  or to deceive consumers, as to the affiliation, connection or association of defendants and their

24  products, or as to the origin, sponsorship or approval by plaintiff of defendants' products or

25  associated commercial activities, in violation of Section 43(a) of the Lanham Act.

26       37.     The infringing conduct of defendants has caused, and likely will continue to

27  cause, both monetary damages and irreparable harm to plaintiff.  Unless the Court restrains

28

                                 7

                              COMPLAINT

1 | defendants from further infringement, plaintiff will continue to suffer irreparable harm, for which

2 | plaintiff has no adequate remedy at law.

3 | **FOURTH CAUSE OF ACTION**

4 | **FEDERAL UNFAIR COMPETITION – LANHAM ACT**

5 | **(Against All Defendants)**

6 |     38.    Plaintiff hereby incorporates and reasserts the allegations in paragraphs 1-37, as

7 | through fully set forth here.

8 |     39.    Defendants' acts of unfair competition, as described above, are deliberate and

9 | willful, and, upon information and belief, have been undertaken with the intent to misappropriate

10 | the hard-earned reputation and goodwill of plaintiff.

11 |     40.    The infringing conduct of defendants has caused, and likely will continue to

12 | cause, both monetary damages and irreparable harm to plaintiff.  Unless the Court restrains

13 | defendants from further infringement, plaintiff will continue to suffer irreparable harm, for which

14 | plaintiff has no adequate remedy at law.

15 |

16 | **FIFTH CAUSE OF ACTION**

17 | **STATE UNFAIR COMPETITION**

18 | **(Against All Defendants)**

19 |     41.    Plaintiff incorporates and reasserts the allegations in paragraphs 1-40, as through

20 | fully set forth here.

21 |     42.    Defendants' conduct as described above constitutes unfair, unlawful, and/or

22 | fraudulent business practices within the meaning of California Business and Professions Code

23 | Sections 17200, *et seq.*

24 |     43.    Pursuant to Business and Professions Code Section 17203, plaintiff seeks from

25 | defendants restitution and disgorgement of all earnings, profits, compensation, benefits and other

26 | ill-gotten gains received by defendants as a result of their unfair, unlawful, and/or fraudulent

27 | business practices.

28 |

COMPLAINT

44.     Pursuant to Business and Professions Code Section 17204, plaintiff seeks an order of this Court enjoining defendants from continuing to engage in the acts set forth herein constituting unfair, unlawful, and/or fraudulent business practices, as plaintiff and the public will be irreparably harmed without such an order.

## SIXTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (Against All Defendants)

45.     Plaintiff incorporates and reasserts the allegations in paragraphs 1-44, as though fully set forth here.

46.     Plaintiff PLANT NANNY had established relationships with numerous customers, to the substantial benefit of plaintiff.  Upon information and belief, defendants knew of at least some of those relationships based on online customer reviews and other sources.

47.     The conduct of defendants as described above was designed to disrupt the economic relationships between plaintiff PLANT NANNY and its customers, and indeed, these relationships were disrupted as a result of defendants' interference, in that customers have opted not to do business with plaintiff.

48.     Defendants' interference with plaintiff PLANT NANNY's economic relationships constituted an unfair trade practice in violation of California Business and Professions Code Sections 17200, et seq.

49.     As a proximate result of defendants' tortious conduct, plaintiff PLANT NANNY suffered damages in an amount to be proven at trial.

50.     The conduct of defendants in interfering with plaintiff PLANT NANNY's economic relationships was intentional, willful, and calculated to cause damage to plaintiff's lawful business, and was perpetrated with actual malice and ill will toward plaintiff, with the intention and improper purpose of causing damage to plaintiff.  Accordingly, an award of punitive damages is warranted.

9

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief:

1.     That defendants, their officers, principals, agents, employees, sales representatives, associates, successors, and assigns, as well as all persons acting by, through, under or in active concert or in participation with any of them, be permanently enjoined from using plaintiff's PLANT NANNY trademark, distinctive trade dress, or any colorable imitation of them in association with the marketing, sale or other use in commerce of defendants' products, and from any other conduct that is likely to cause confusion or mistake with respect to the origin or source of defendants' products.

2.     That defendants be required to account to plaintiff and reimburse plaintiff for all profits realized by defendants from defendants' unauthorized use of plaintiff's PLANT NANNY trademark or distinctive trade dress.

3.     That defendants be ordered to pay plaintiff damages that they have sustained.

4.     That defendant be ordered to pay all restitution as required by equity.

5.     That defendants be ordered to destroy or delete any marketing, advertising or promotional displays, whether physical or online, associated with infringement of the PLANT NANNY trademark or trade dress.

6.     That defendants be ordered to pay punitive damages.

7.     That the Court award plaintiff its authorized and reasonable litigation expenses, including attorneys' fees.

8.     That the Court award pre-judgment and post-judgment interest, to the extent allowable by law.

9.     That the Court award all other relief as equity and justice may require.

///

///

///

///

///

10

COMPLAINT

1

**JURY TRIAL**

2     Plaintiff demands a jury trial for all claims and issues so triable.

3

4
                                        Respectfully Submitted,
5
                                        LEGALFORCE RAPC WORLDWIDE
6

7                                       /s/ David Lavine
                          By:           David Lavine
8                                       Attorneys for Plaintiff
                                        PLANT NANNY COMPANY, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

COMPLAINT